NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1749
_____

ROBINSHON ANTONIO NUNEZ-LIRIANO,
a/k/a ROBINSHON LIRIANO,

Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1: A215-589-340)
Immigration Judge: Honorable Dinesh C. Verma

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 28, 2019

BEFORE:  SMITH, *Chief Judge*, HARDIMAN, and PHIPPS, *Circuit Judges*

(Filed: November 7, 2019)

_____

OPINION[*]

_____

_____

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Robinshon Antonio Nunez-Liriano petitions for review of a decision of the Board of Immigration Appeals denying his appeal from the decision of the Immigration Judge finding him removable. We will deny the petition for review.

I

A citizen of the Dominican Republic, Nunez-Liriano entered the United States without inspection in 2004. In May 2018, the Department of Homeland Security charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Nunez-Liriano appeared before the IJ and admitted the factual allegations against him, conceding removability. He then sought cancellation of removal under 8 U.S.C. § 1229b(b)(1), alleging that his United States citizen wife, his stepdaughter, and his biological son would suffer exceptional and extremely unusual hardship if he were removed from the United States. The IJ found that Nunez-Liriano was not eligible for cancellation of removal because he did not "meet the requisite hardship standard" of Section 1229b(b)(1). On appeal, the BIA affirmed the IJ's decision and ordered Nunez-Liriano removed to the Dominican Republic.

II

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a)(1). "Where, as here, the BIA issues a written decision on the merits, we review its decision and not the decision of the IJ" and we "look to the IJ's ruling only insofar as the BIA defers to it." *Baptiste v. Att'y Gen.*, 841 F.3d 601, 605 (3d Cir. 2016) (internal quotations omitted); *Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir. 2010) (citing *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006)). We "exercise de novo review"

2

over any legal or constitutional issues raised, but we lack jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i); *Duhaney v. Att'y Gen.*, 621 F.3d 340, 345 (3d Cir. 2010).

III

Nunez-Liriano claims the BIA engaged in improper factfinding on appeal and asks us to remand his case back to the IJ. Specifically, he challenges the BIA's consideration of an expert report on his wife's mental health, which he claims the IJ improperly failed to analyze in the first instance. He contends a remand is necessary so the IJ can undertake additional investigation and factfinding on the hardship his wife will suffer if he is removed.

Section 1229b(b)(1) authorizes the Attorney General to cancel removal and adjust the status of an alien who is inadmissible or deportable from the United States. 8 U.S.C. § 1229b(b)(1). In order to be eligible for discretionary cancellation of removal, the alien must—among other requirements—establish that "removal would result in exceptional and extremely unusual hardship" to a qualifying United States citizen family member, such as a spouse. 8 U.S.C. § 1229b(b)(1)(D). Although we lack jurisdiction over discretionary denials of relief, we retain jurisdiction over constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

Nunez-Liriano contends the BIA erred as a matter of law by engaging in independent factfinding in violation of 8 C.F.R § 1003.1(d)(3)(i), (iv). According to the regulations, the BIA "will not engage in de novo review of findings of fact determined by an [IJ]." 8 C.F.R § 1003.1(d)(3)(i). Nor may the BIA "engage in factfinding in the course

3

of deciding appeals," beyond taking administrative notice of commonly known facts. 8 C.F.R § 1003.1(d)(3)(iv). Instead, it may review the IJ's factual findings to determine whether they are clearly erroneous. 8 C.F.R § 1003.1(d)(3)(i). The requirements of § 1003.1(d)(3)(i) and (iv) are non-discretionary aspects of the decision we can review. *See Pareja v. Att'y Gen.*, 615 F.3d 180, 187–88 (3d Cir. 2010).

Nunez-Liriano claims the IJ failed to consider the expert report by Dr. Tepper regarding Nunez-Liriano's wife's mental health and the impact his deportation would have on her fragile state. According to Nunez-Liriano, since the IJ did not properly consider and analyze the report, it was reversible error for the BIA to "impos[e] its opinion concerning [these] critical and essential facts."

Nunez-Liriano's argument suffers from a logical flaw. The IJ's failure to mention the Tepper report by name in his oral decision does not mean the report was not considered. In fact, the IJ stated: "Exhibits 1 through 4, which were identified on the record, were considered by this Court in support of the respondent's applications for relief." App. 5. Dr. Tepper's report was part of Exhibit 4. The IJ also said that "[a]ll testimony and exhibits have been considered by this Court, regardless of whether they are specifically mentioned further in this decision or not." A5. The Government notes that DHS objected to the report's admission and that neither party—including Nunez-Liriano's attorney during closing argument—made further mention of it during

4

proceedings before the IJ. Given these facts, it is unsurprising that the IJ failed to specifically mention the report in his oral decision.[2]

Finally, we find no support in the record for Nunez-Liriano's argument of subsequent legal error by the BIA. The BIA considered the Tepper report and summarized its contents fairly and accurately. The BIA did not make any factual findings about Dr. Tepper's diagnosis of Nunez-Liriano's wife. It simply indicated that accepting the psychological evaluation as true and considering it in conjunction with the other facts found by the IJ, Nunez-Liriano still failed to meet the requisite hardship standard. This is entirely proper. Although the BIA reviews an IJ's factual determinations for clear error, the legal question of whether those facts support a finding of exceptional and extremely unusual hardship is reviewed de novo. 8 C.F.R. § 1003.1(d)(3)(i), (ii). And unlike other cases in which this Court has found improper factfinding, the BIA did not ignore or replace any of the IJ's factual findings with its own. *See, e.g.*, *Gracia Moncaleano v. Att'y Gen.*, 390 F. App'x 81, 87 (3d Cir. 2010).

In sum, the BIA articulated the correct standard of review. App. 17 ("We review the findings of fact . . . under the 'clearly erroneous' standard.") (quoting 8 C.F.R § 1003.1(d)(3)(i)). It then considered Dr. Tepper's report, noting Nunez-Liriano's wife's mental condition, his "significant" claims, and that the BIA was "not unsympathetic" to

---

[2] Nunez-Liriano's reliance on *Ravancho v. INS*, 658 F.2d 169 (3d Cir. 1981), is similarly misplaced. Both the posture of that case and the facts are distinguishable. *Ravancho* concerned the denial of a motion to stay deportation and to reopen proceedings. *Id.* at 171–72. And our holding was critical of the BIA's analysis of a psychological report in isolation. *Id.* at 172. Here, the BIA considered "the totality of the circumstances." A18.

5

his plight. App. 18. The BIA ultimately concluded that the consequences Nunez-Liriano's family will suffer are "not exceptional, nor extremely unusual in the case of aliens removed form [sic] the United States." *Id.* This analysis was consistent with the controlling regulations.

IV

We will deny Nunez-Liriano's petition for review for the reasons stated.